**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**


**ARLENE VIRGINIA HINTON,**

      Petitioner,

v.                                                  **CIVIL ACTION NO. 3:07-CV-124**
                                                    **CRIMINAL ACTION NO. 3:04-CR-10-2**
                                                    **(BAILEY)**

**UNITED STATES OF AMERICA,**

      Respondent.


## ORDER ADOPTING REPORT AND RECOMMENDATION THAT CASE BE DISMISSED AND STRICKEN FROM DOCKET


On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation of United States Magistrate Judge James E. Seibert.  By

standing Order, this action was referred to Magistrate Judge Seibert for submission of a

proposed report and a recommendation ("R & R").  Magistrate Judge Seibert filed his R &

R on September 19, 2007 [Civ. Doc. 5].  In that filing, the magistrate judge recommended

that this Court deny and dismiss the *pro se* plaintiff's complaint filed under 28 U.S.C. §

2255 [Civ. Doc. 4] as time-barred.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140,

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R & R were due by October 3, 2007 [Civ. Doc. 5], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  To date, no objections to the R & R have been filed.  Accordingly, this Court will review the report and recommendation for clear error.

On March 30, 2005, the petitioner signed a plea agreement by which she agreed to plead to Count 4 of the Indictment, charging her with distribution of .54 grams of crack.  The petitioner was then sentenced on July 28, 2005, to a term of 121 months imprisonment and did not file a direct appeal.

This Court finds that the petition is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, which establishes a one-year limitation period within which to file any federal habeas corpus motion.  For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket.  This petitioner did not file a direct appeal of her conviction.  Therefore, her conviction became final on August 25, 2005, the date her time for filing a direct appeal expired.  Accordingly, the deadline for which this habeas corpus petition expired was August 25, 2006 under the AEDPA.  Because this petitioner did not file this petition until September 17, 2007, it is time barred.

Upon careful review of the report and recommendation, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Civ. Doc. 5 / Crim. Doc. 142] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the

magistrate judge's report. Therefore, this Court hereby **DENIES** the 2255 petition [Civ. Doc. 4 / Crim Doc. 140]. Accordingly, the Court hereby **DIRECTS** the Clerk to **DISMISS** petitioner's Motion to Vacate [Civ. Doc. 4 / Crim. Doc. 140] and to **STRIKE** it from the active dockets of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit by certified mail a copy of this Order to any counsel of record and the *pro se* petitioner.

**DATED:** October 25, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE